DLD-171                                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1529
_____

DEVIN L. COLEMAN,
                                        Appellant

v.

OFFICER MICHAEL Q. STANFORD; OFFICER KRISTENE M. BRADY-DOWNES
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-19-cv-00696)
District Judge:  Honorable Colm F. Connolly
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 9, 2022

Before: KRAUSE, MATEY and PHIPPS, Circuit Judges

(Opinion filed: July 18, 2022)
_____

OPINION[*]
_____

**PER CURIAM**

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Devin Coleman, an inmate proceeding pro se and in forma pauperis, appeals from the District Court's order granting summary judgment in favor of defendants. For the reasons that follow, we will summarily affirm.

I.

Coleman suffers from dry eyes and lagophthalmos, a condition which prevents him from fully closing his eyelids. In April and October of 2018,[1] Coleman was issued medical memoranda authorizing him to wear "solar shields" for light sensitivity. Medical records reflect that on November 14, 2018, Coleman was provided with prescribed solar shields. D.Ct. Dkt. No. 144, Main Attachment at A6. Coleman also possessed ordinary sunglasses, which inmates may purchase through the commissary without any medical authorization. Id. at A40, A45. However, inmate housing policy provides that authorized sunglasses, such as those purchased in the commissary, "will be removed indoors and at security ID and checkpoints or when requested by any staff member." Id. at A2.

On March 25, 2019, and April 1, 2019, defendants Brady-Downes and Stanford, respectively, approached Coleman for wearing commissary sunglasses indoors. In each instance, contact was made with the medical department. Based upon those contacts, defendants understood the medical memo(s) to cover the use of solar shields, and not the indoor use of commissary sunglasses. In each instance, Coleman was issued a

_____

[1] The April 16, 2018 Medical Memorandum Request to Security states, "Solar shields. Sensitivity to light due to left eye socket fracture. To be purchased from commissary." It has an expiration date of April 16, 2019. D.Ct. ECF. No. 144, Main Attachment at A12. The October 19, 2018 Medical Memorandum Request to Security stated simply "solar shields," with an expiration date of October 19, 2019. Id. at A19.

2

disciplinary infraction and the sunglasses were confiscated.  Id. at A20, A23-25, A49-52; D.Ct. Dkt. No. 92 at 2.  Subsequently, on October 14, 2019, a new medical memorandum was issued allowing both indoor and outdoor use of either "solar eye shields recommended by ophthalmologist for lagophthalmos" or "commissary sun glasses" to help with "dry eyes and light sensitivity."  D.Ct. Dkt. No. 144 at A29.

Coleman filed a complaint under 42 U.S.C. § 1983 seeking compensatory and punitive damage against defendants in both their official and personal capacities. Coleman alleged that defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment by seizing his sunglasses and initiating disciplinary action against him for "wearing medically authorized glasses" when they were "aware there were medical memos authorizing the use of the glasses at issue." D.Ct. ECF No. 150 at 1.  Defendants filed a motion for summary judgment.  Finding no genuine issue of material fact regarding the allegations of deliberate indifference to Coleman's serious medical needs, the District Court granted defendants' motion for summary judgment.  Coleman filed a timely notice of appeal and a motion for appointment of counsel.

## II.

We have appellate jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over a grant of summary judgment, applying the same standard that the District Court applies.  Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 141 (3d Cir. 2017).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

3

of law." Fed. R. Civ. P. 56(a).  We may summarily affirm if the appeal fails to present a substantial question.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

III.

Prison officials "violate the Eighth Amendment when they act deliberately indifferent to a prisoner's serious medical needs by intentionally denying or delaying access to medical care or interfering with the treatment once prescribed." Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017) (quotation marks and citation omitted). "We have found 'deliberate indifference' in a variety of circumstances, including where the prison official … prevents a prisoner from receiving needed or recommended medical treatment." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). However, "prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishment Clause." Farmer v. Brennan, 511 U.S. 825, 845 (1994).

The District Court properly granted summary judgment in favor of defendants as the record does not raise a genuine dispute that defendants acted with deliberate indifference to Coleman's serious medical needs.  There is no genuine dispute as to whether defendants acted reasonably in their interactions with Coleman regarding his wearing of sunglasses indoors, which is prohibited by prison rules.  Both defendants searched for any medical memos that would allow Coleman to wear commissary sunglasses indoors but found only memos authorizing the use of solar shields.  Further, both defendants reasonably relied upon information provided to them by medical staff that Coleman was authorized to wear prescribed solar shields, not sunglasses.  Non-medical prison officials are generally justified in relying on the expertise and care of

4

prison medical providers.  See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004) ("[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official … will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference.").  The fact that Coleman, as asserted in his deposition, believed solar shields and commissary sunglasses to be interchangeable, despite having been provided with solar shields by the medical department in November 2018, does not render defendants' actions unreasonable.  Nor are their actions at the time rendered unreasonable by the subsequent issuance of a medical memorandum specifically authorizing both indoor and outdoor use of either commissary sunglasses or solar shields.

Finally, insofar as Coleman sued defendants in their official capacities for monetary damages, we agree with the District Court that such claims are barred by the Eleventh Amendment.  "A suit against a state official in his or her official capacity . . . is no different from a suit against the State itself."  Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (internal citations omitted). As the State of Delaware did not waive its Eleventh Amendment immunity, we agree that Coleman's § 1983 claims against defendants for monetary damages in their official capacities are barred.  Id.

Accordingly, we will summarily affirm the District Court's judgment.  In light of our disposition, Coleman's motion for appointment of counsel is denied.  See Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993).